```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                       HOUSTON DIVISION
```

| | |
|---|---|
| LINDA DENLEY, | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | § |
| | §   CIVIL ACTION No. H-12-992 |
| | § |
| VERICREST FINANCIAL, INC., | § |
| | § |
| Defendant. | § |

## MEMORANDUM AND ORDER

Pending is Defendant's Motion to Dismiss for Failure to State a Claim (Document No. 6). After carefully considering the motion, responses, reply, and the applicable law, the Court concludes that the Motion should be granted and Plaintiff's complaint should be dismissed.

### I. Background

Linda Denley ("Plaintiff") filed this action to avoid foreclosure and sale of her home located at 3245 Ozark, Houston, Texas 77021 ("the Property").[1] She purchased the home in 2004, executing at that time a purchase money promissory note in the amount of $417,898.65, with monthly payments of $2,640.64, payable to Mortgage Electronic Registration Systems ("MERS"), and secured

---

[1] Document No. 1, ex. B-8 ¶ 5.1 (Orig. Cmplt.).

by a Deed of Trust ("Mortgage") on the home.[2] The parties do not specify the date MERS transferred servicing rights on the loan to Vericrest Financial, Inc. ("Defendant"), but Defendant acknowledges that Defendant is the current servicing agent of the loan and mortgage.[3]

After Plaintiff experienced unfortunate financial reversals in 2008, she sought a loan modification or short sale for the Property.[4] When short sale negotiations were not successful, and after Plaintiff had been discharged from the second of two bankruptcy proceedings, Defendant finally opted to foreclose and posted the Property for foreclosure sale to occur on March 6, 2012.[5] The state district court granted Plaintiff's motion temporarily to enjoin the sale,[6] which was followed by Defendant removing the action to this Court based on diversity jurisdiction.[7]

In addition to the original injunction request, Plaintiff makes the following allegations: (1) breach of contract, (2) wrongful foreclosure, (3) violation of Texas Debt Collection Practices Act ("TDCPA"), and (4) negligence.

---

[2] Id.

[3] Document No. 6 ¶ 4.

[4] Id., ex. B-8 ¶ 5.3.

[5] Id., ex. B-8 ¶ 5.7.

[6] See Document No. 1, ex. B-6.

[7] See Document No. 1.

## II.  Legal Standard

Rule 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6).  When a district court reviews the sufficiency of a complaint before it receives any evidence either by affidavit or admission, its task is inevitably a limited one.  *See* Scheuer v. Rhodes, 94 S. Ct. 1683, 1686 (1974).  The issue is not whether the plaintiff ultimately will prevail, but whether the plaintiff is entitled to offer evidence to support the claims.  Id.

In considering a motion to dismiss under Rule 12(b)(6), the district court must construe the allegations in the complaint favorably to the pleader and must accept as true all well-pleaded facts in the complaint.  *See* Lowrey v. Tex. A&M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997).  To survive dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  While a complaint "does not need detailed factual allegations . . . [the] allegations must be enough to raise a right to relief above the speculative level, on the assumption that all

3

the allegations in the complaint are true (even if doubtful in fact)." Twombly, 127 S. Ct. at 1964-65.

### III. Discussion

A. Breach of Contract

The elements for a breach of contract under Texas law are as follows: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." Smith Int'l, Inc. v. Egle Group, LLC, 490 F.3d 380, 387 (5th Cir. 2007) (quoting Valero Mktg. & Supply Co. v. Kalama Int'l, L.L.C., 51 S.W.3d 345, 351 (Tex. App.--Houston [1st Dist.] 2001, no pet.)).

Plaintiff's breach of contract claim is founded upon two alternative theories. First, Plaintiff alleges that Defendant, as a mortgage servicer under the Home Affordable Mortgage Program ("HAMP"), 12 U.S.C. § 5201, *et seq.*, breached a contractual duty to "review and process all [modification] applications in a fair and objective fashion."[8] Plaintiff alleges she has satisfied all necessary requirements for a HAMP mortgage modification, and Defendant failed to meet its contractual requirements under HAMP.[9]

---

[8] Document No. 1, ex. B-8 ¶ 6.1.

[9] Id., ex. B-8 ¶ 6.3.

4

While the goal of HAMP is to facilitate relief for homeowners, HAMP does not confer upon mortgagors a private right of action. *See* Cade v. BAC Home Loans Servicing, LP, No. H-10-4224, 2011 WL 2470733, at *5 (S.D. Tex. June 20, 2011) (Miller, J.) ("Only the government can enforce compliance with HAMP regulations, and it is not required to do so."); *see also* Easley v. Fed. Nat. Mortg. Ass'n, No. 4:10-cv-03734, 2011 WL 6002644, at *5 (S.D. Tex. Nov. 30, 2011) (Ellison, J.); Mortberg v. Litton Loan Servicing, L.P., No. 4:10-CV-667, 2011 WL 4431946, at *5 (E.D. Tex. Aug. 30, 2011) (Mazzant, M.J.) (collecting cases). Because there is no private cause of action for a violation of HAMP regulations, a breach of contract claim founded upon those regulations must be dismissed.

Plaintiff's second theory of breach of contract is based upon a breach of the Housing and Urban Development ("HUD") regulations. HUD regulations, established under the Fair Housing Act, "govern the relationship between mortgagees and the government . . . ." Baker v. Countrywide Home Loans, Inc., No. 3:08-CV-0916-B, 2009 WL 1810336, at *3 (N.D. Tex. June 24, 2009) (Boyle, J.). The regulations do not create or provide a private cause of action for a mortgagor. *See* Roberts v. Cameron-Brown Co., 556 F.2d 356, 360-61 (5th Cir. 1977); Cavil v. Trendmaker Homes, Inc., No. G-10-304, 2010 WL 5464238, at *5 (S.D. Tex. Dec. 29, 2010) (Froeschner, J.); Mitchell v. Chase Home Fin. LLC, No. 3:06-CV-2099-K, 2008 WL 623395, at *3 (N.D. Tex. Mar. 4, 2008)(no private right of action

available to mortgagor). A violation of HUD regulations may create a private cause of action if the regulations are "explicitly incorporated" in the final agreement. Baker, 2009 WL 1810336, at *5. Plaintiff here conclusorily alleges that Defendant breached the "expressly" incorporated HUD regulations but neither alleges nor points to any language in the Deed of Trust factually to support such assertion. The conclusory allegation is demonstrably false, inasmuch as the Deed of Trust itself, executed by Plaintiff and exhibited in Defendant's Motion to Dismiss, contains no reference to HUD regulations and no language copied from HUD regulations to permit such a claim.[10] Therefore, Plaintiff has not alleged either a breach of contract claim nor an independent cause of action based upon HUD regulations upon which relief can be granted.

B.   Wrongful Foreclosure

Foreclosure procedures under Texas Law are codified in Texas Property Code § 51.002, *et seq*. TEX. PROP. CODE ANN. § 51.002 (West 2012). Statutory claims under § 51.002 may arise only after the

---

[10] *See* Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498-99 (5th Cir. 2000) (noting that a court may look to documents attached to the pleadings in considering a motion to dismiss, and further that "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim'" (quoting Venture Assocs. Corp. v. Zenith Data Sys. Corp., 987 F.2d 429, 431 (7th Cir. 1993)).

completion of the foreclosure.  *See* Kew v. Bank of America, N.A., No. H-11-2824, 2012 WL 1414978, at *6 (S.D. Tex. Apr. 23, 2012) (Rosenthal, J.)("Because § 51.002 outlines the procedures for conducting a foreclosure sale, claims for violating its notice requirements are cognizable only after a foreclosure.").  *See also* Ayers v. Aurora Loan Servs., LLC, 787 F. Supp. 2d 451, 454 (E.D. Tex. 2011) (claims for violations of Texas Property Code dismissed because no foreclosure sale occurred).  Not only must a foreclosure sale occur in order to maintain a valid cause of action under the Texas Property Code, but the mortgagor must have lost possession of the home.  *See* Smith v. J.P. Morgan Chase Bank N/A, No. H-10-3730, 2010 WL 4622209, at *2 (S.D. Tex. Nov. 4, 2010) (Rosenthal, J.) ("Under Texas law, even if a mortgage holder wrongfully attempts foreclosure, there is no claim for wrongful foreclosure if the mortgagor does not lose possession of the home.").

Plaintiff claims that Defendant failed to comply with the cure and protest requirements of § 51.002, and therefore she is entitled to relief.[11]  However, not only did a foreclosure sale not occur, but Plaintiff evidently still retains possession of the Property notwithstanding her default.  Plaintiff has no claim under § 51.002.

---

[11] Document No. 1, ex. B-8 ¶ 6.7.

7

C.   <u>Texas Debt Collection Practices Act</u>

Plaintiff alleges she was subject to emotional duress and was harassed because Defendant failed to (1) respond to cure attempts, and (2) obtain a "loan workout alternative," and thus, Defendant allegedly violated TDCPA.[12]  Section 392.302 of the TDCPA states:

> In debt collection, a debt collector may not oppress, harass, or abuse a person by:
>
> (1) using profane or obscene language or language intended to abuse unreasonably the hearer or reader;
>
> (2)  placing telephone calls without disclosing the name of the individual making the call and with the intent to annoy, harass, or threaten a person at the called number;
>
> (3)  causing a person to incur a long distance telephone toll, telegram fee, or other charge by a medium of communication without first disclosing the name of the person making the communication; or
>
> (4)  causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number.

TEX. FIN. CODE § 392.302.  A claim for harassment under § 392.302 does not include a lender's failure to respond to the borrower's cure attempts or its failure to provide modification alternatives. Plaintiff has failed to allege facts that state a violation of the

---

[12] Document No. 1, ex. B-8 ¶ 6.8.  Plaintiff alleges violations of TEX. REV. CIV. STAT. ANN. ART. 5069-11.01(c), which was revised and recodified in 1997.  The current TDCPA is found in TEX. FIN. CODE § 392, *et seq*.  TDCPA proscribes certain debt collection methods and provides civil remedies for violation of the statute.  TEX. FIN. CODE ANN. §§ 392.301-06, 392.403.

TDCPA to support her conclusory statement that she was harassed, and therefore has not set forth a valid claim. *See* Coleman v. Bank of America, N.A., No. 3-11-CV-0430-G-BD, 2011 WL 2516169, at *3 (N.D. Tex. May 27, 2011) (plaintiff's failure to allege prohibited actions under TDCPA resulted in Rule 12(b)(6) dismissal). Accordingly, this claim will be dismissed.

D.   Negligence

A negligence claim requires the following elements: (1) a legal duty owed by one person to another; (2) a breach of that duty; and (3) damages proximately caused by the breach. Greater Houston Transp. Co. v. Phillips, 801 S.W.2d 523, 525 (Tex. 1990).

Plaintiff's negligence claim is based upon two alternative theories. First, Plaintiff alleges that the incorporated HUD regulations in the Mortgage creates a duty, and Defendant has breached that duty.[13] This claim fails because the Mortgage itself, as observed above, does *not* incorporate the HUD regulations. Regardless, "mere nonfeasance under a contract creates liability only for breach of contract." Crawford v. Ace Sign, Inc., 917 S.W.2d 12, 13 (Tex. 1996). "Thus, tort damages are generally not recoverable unless the plaintiff suffered an injury that is independent and separate from the economic losses recoverable under a breach of contract claim." *See* Esty v. Beal Bank S.S.B., 298

---

[13] Document No. 1, ex. B-8 ¶ 6.9.

S.W.3d 280, 301 (Tex. App.--Dallas 2009, no pet.) (citations omitted). The HUD regulations are not a basis for any private right of action, except only for breach of contract, if the contract incorporated the regulations, which is not the case here. Plaintiff has not stated a claim upon which relief can be granted for negligence based on the HUD regulations.

Plaintiff's second negligence claim is based upon the Real Estate Settlement Procedures Act ("RESPA"). 12 U.S.C. § 2601, *et seq*. Section 2605(c)(1) states, "[e]ach transferee servicer to whom the servicing of any federally related mortgage loan is assigned, sold, or transferred shall notify the borrower of any such assignment, sale, or transfer." Id. For all claims made under § 2605(c), a plaintiff must allege actual damages resulting from the violation. Akintunji v. Chase Home Fin., L.L.C., No. H-11-389, 2011 WL 2470709, at *2 (S.D. Tex. June 20, 2011) (Rosenthal, J.). A court may award statutory damages for a violation of RESPA "in the case of a pattern or practice of noncompliance." 12 U.S.C. § 2605(f)(1)(B). Plaintiff does not allege that she suffered any damages from any technical violation by Defendant of § 2605(c), and she alleges no pattern or practice of noncompliance. *See e.g.,* Hill v. Wells Fargo Bank, NA, No. 4:11-CV-644-A, 2011 WL 5869730, at *3 (N.D. Tex. Nov. 17, 2011) (McBride, J.) (claim under § 2605(c) dismissed because plaintiff failed to plead damages). Plaintiff inexplicably claims that the

"negligence compromises [Defendant's] legal authority to foreclose," and seeks to cancel the Defendant's contractual right to foreclose as a result of the alleged violation of § 2605(c).[14] Plaintiff does not cite, nor has the Court found, statutory or case law to support such a claim. Moreover, Plaintiff and Defendant have had multiple dealings with each other since 2008, and Plaintiff has well known for years that Defendant was the transferee servicer of her loan. Plaintiff has stated no claim for recovery of damages based on an alleged violation of § 2605(c). For the foregoing reasons, Plaintiff's second theory of negligence must be dismissed under Rule 12(b)(6).

IV. Order

For the foregoing reasons, it is

ORDERED that Defendant's Motion to Dismiss for Failure to State a Claim (Document No. 6) is GRANTED, and Plaintiff Linda Denley's claims against Defendant Vericrest Financial, Inc. are DISMISSED with PREJUDICE.

The Clerk shall notify all parties and provide them with a signed copy of this Order.

SIGNED at Houston, Texas, on this 21st day of June, 2012.

_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE

---

[14] Document No. 1, ex. B-8 ¶ 6.10.